UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRIAN LINDEMANN,

                Petitioner,                      99 CV 5041 (SJ)

   -against-

                                                     **MEMORANDUM and**
                                                         **ORDER**

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------------X

MAIL TO:

Brian Lindemann
FCI Ray Brook
Federal Correctional Institution
128 Ray Brook Road
Ray Brook, NY 12977
Petitioner

AIELLO & CANNICK
69-06 Grand Avenue
Maspeth, NY 11378
By:    Devereaux Leon Cannick
Attorney for Petitioner

ROSLYNN R. MAUSKOPF
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:    Jonathan Mothner
Attorney for Respondent

JOHNSON, Senior District Judge:

       Currently before this Court is Brian Lindemann's ("Petitioner") motion to vacate

1

his conviction and sentence arising under criminal case 95-CR-0754 pursuant to 28 U.S.C. § 2255, alleging that Petitioner was denied effective assistance of counsel as a result of his trial counsel's failure to file a notice of direct appeal. For the reasons explained below, Petitioner's §2255 motion is DENIED.

### BACKGROUND

On September 4, 1998, Petitioner, pursuant to a written plea agreement ("the Agreement"), pled guilty to engaging in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). The Agreement provided that Petitioner's estimated range of the U.S. Sentencing Guidelines was 151 to 188 months. (Plea Agreement, at ¶ 2.) In the Agreement, Petitioner waived his right to appeal or collaterally attack his sentence if the Court imposed a sentence within the above-specified range. (Id. at ¶ 4.)

On March 12, 1999, this Court sentenced Petitioner to a term of 184 months imprisonment to run concurrent with the sentence imposed under 94-CR-0788 and three years supervised release. Thereafter, Petitioner *pro se* filed a notice of appeal of his sentence. On September 1, 1999, Petitioner's trial counsel, Steve Zissou, filed an Anders brief stating that "there are no issues of fact or law upon which a non-frivolous appeal could be asserted." (Resp't Opp'n, Ex. C at 6.) On October 6, 1999, the Second Circuit Court of Appeals dismissed Petitioner's notice of appeal as untimely.

Petitioner filed the instant § 2255 motion on August 23, 1999, alleging that his counsel was ineffective for failing to file a notice of appeal. The Petition omits any reference to the alleged error(s) that Petitioner would have addressed on appeal, had a

2

notice of appeal been filed timely. Respondent claims that Petitioner has not satisfied his evidentiary burden under the Strickland "cause and prejudice" test for ineffective assistance of counsel.[1] (Resp't Opp'n at 2.) Petitioner's trial counsel maintains that, contrary to Petitioner's representations, Petitioner did not request that he file a notice of appeal and that counsel did not believe Petitioner had any meritorious claims for an appeal. (Zissou Aff. at 4.)

## DISCUSSION

Petitioner's plea agreement provides, "[t]he defendant will not file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes a sentence within or below the range of imprisonment [of 151 - 188 months]." (Plea Agreement, at ¶ 4.) Petitioner was sentenced to a term of imprisonment of 184 months, within the range set forth in the Agreement. Notwithstanding the terms of the Agreement, Petitioner claims that after he was sentenced he requested that counsel file a notice of appeal and argues that "Zissou failed to file the requested appeal and by this action rendered ineffective assistance during a critical phase of the criminal proceedings." (Pet. at 2.) However, counsel's affidavit to the Court states that Petitioner did not ask him to file a notice of appeal. (Zissou Aff., at ¶ 4.) Counsel further represents that he filed an Anders

---

[1] The Court has determined that an evidentiary hearing unnecessary to the resolution of the above-captioned matter. Such a hearing would have been limited to: (1) an inquiry into the knowing and voluntary nature of Petitioner's appellate waiver; and (2) an examination of whether Petitioner explicitly requested that his counsel file a notice of appeal. Nevertheless, because the Court's decision proceeds from the standpoint that Petitioner's waiver is unenforceable it is in no way impaired by the lack of a record on this issue. Additionally, trial counsel's affidavit adequately addresses the issue of Petitioner's appeal.

3

brief "[a]fter reviewing the circumstances of the petitioner's guilty plea, and determining that *no meritorious issues existed on appeal*."[2] (Id. at ¶ 5 (emphasis added).) Petitioner *pro se* filed a notice of appeal shortly after his sentencing.

I.  *Enforceability of Appellate Waiver*

Respondent argues that Petitioner's appellate waiver may not be enforceable at this stage because "the record does not specifically evidence Petitioner's knowledge and understanding of [the waiver]." (Resp't Opp'n at 2.) Respondent is correct that United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996) requires that the record "'clearly demonstrate[]' that the waiver [of the right to appeal] was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary" in order for such a waiver to be enforceable. Here, although Petitioner ultimately filed a *pro se* notice of appeal, the record of the plea hearing is silent as to whether Petitioner knowingly and voluntarily waived his appellate rights.[3] Accordingly, the Court finds that it may not enforce Petitioner's appellate waiver. See Ready, 82 F.3d at 558.

II. *Petitioner's Ineffective Assistance of Counsel Claim*

Notwithstanding the Court's previous finding that Petitioner's appellate waiver is

---

[2] In Anders v. California, 386 U.S. 738, 744 (1967), the Supreme Court held that counsel, after a "conscientious" determination that a client's appeal is "wholly frivolous" "should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."

[3] When the Court enumerated the rights that Petitioner was waiving by pleading guilty, it did not mention the right to appeal or collaterally attack his sentence or explain the consequences of that waiver.

4

P-049

not enforceable, it must still conduct an inquiry into Petitioner's claim that his trial counsel was ineffective for failing to file a notice of appeal. Thus, the Court now turns to the merits of the Petition.

A.  *Standard of Review*

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-part test to determine whether counsel's assistance was ineffective. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . . under prevailing professional norms." Id. at 688. Second, the defendant must show that counsel's performance prejudiced his defense. Id. at 689. To show prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694. Thus, Petitioner must demonstrate that counsel failed to raise significant and obvious issues that, if raised, would likely have been successful. Mayo v. Henderson, 13 F.3d 528, 533-34 (2d Cir. 1994). Unless Petitioner makes both showings, it cannot be said that the judgment against him resulted from a breakdown in the adversary process.

B.  *Petitioner's Alleged Request that Counsel File a Notice of Appeal*

As stated above, Petitioner's counsel has sworn in his affidavit that Petitioner did not request that he file a notice of appeal on his behalf. The Court credits counsel's representations. Therefore, counsel cannot now be deemed constitutionally ineffective for failing to file an appeal in the absence of a specific request to do so. See Fernandez v. United States, 146 F.3d 148, 149 (2d Cir. 1998) ("counsel is ineffective only when

5

ignoring a defendant's explicit direction to file an appeal"); Morales v. United States, 143 F.3d 94, 97 (2d Cir. 1998) (adopting Seventh Circuit's reasoning in Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994) that "while ignoring a client's request to file an appeal is ineffective assistance without regard to the probability of the appeal's success, '[r]equest' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.'"). Furthermore, counsel determined that no meritorious issues existed on appeal (Zissou Aff. at ¶ 5) and therefore Petitioner's counsel cannot be held constitutionally ineffective for failing to bring frivolous arguments on appeal, see, e.g., United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not result in ineffective assistance."); Flores v. Demskie, 215 F.3d 293, 297 (2d Cir. 2000) ("neither can counsel's representation be deemed incompetent merely because he did not pursue a concededly frivolous substantive claim"), and thus Petitioner fails to satisfy Strickland's first prong. Accordingly, Petitioner's claim of ineffective assistance of counsel lacks merit and is therefore DENIED.

## Conclusion

For the reasons explained above, the Court finds that Petitioner's waiver of his appellate rights is unenforceable due to the lack of any record as to the knowing and voluntary nature of the waiver. However, Petitioner's claim that his counsel was ineffective for failing to file a notice of appeal is DENIED as without merit.

For a certificate of appealability to issue, petitioner must make a "substantial

6

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. U.S., 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Where a petition is dismissed on procedural grounds, the petitioner seeking a certificate of appealability must show that both the procedural and underlying constitutional issues are reasonably debatable. Sosa v. U.S., 2003 WL 22218505, *1 (S.D.N.Y. Sept. 25, 2003). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate of appealability.

SO ORDERED.
Dated: June 8, 2005
Brooklyn, New York

_____
Johnson
Senior U.S.D.J.

7

P-049